DREW, Justice.
The District Court of Appeal, Third District, sua sponte, dismissed an appeal[1] taken from an order of the County Judge in a probate matter because such order was not reviewable on appeal.[2] From such decision of the District Court an appeal has been prosecuted to this court.
Because of our proscribed jurisdiction to entertain appeals from the District Courts of Appeal[3] we, too, are requir *154 ed, sua sponte, to dismiss the appeal in this court. The decision of the District Court of Appeal is not, on its face or inherently one falling within the orbit of our jurisdiction to review on appeal. The District Court very properly held that only final orders or decrees of county judges in probate matters were reviewable by it on appeal. Appellant’s complaint is that the District Court erred in holding the questioned order was not a final one. This question is beyond our reach on appeal, although, upon proper application and a showing of a conflict of such decision with decisions of this court or other District Courts of Appeal, such question could be reviewed here on certiorari.[4]
Appeal dismissed.
THOMAS, C. J., and TERRELL, HOB-SON and ROBERTS, JTT., concur.

. In re Nolan’s Estate, Fla.App.1959, 114 So.2d 341.

. Art. V, Sec. 5(3), Florida Constitution, F.S.A., provides, “Appeals * * * from final orders or decrees of county judge’s courts pertaining to probate matters * * * may be taken to the court of appeal of such district.”

.Art. Y, See. 4(2) provides that appeals may be taken to the Supreme Court from the District Courts of Appeal “only from decisions initially passing upon the va *154 lidity of a state statute or a federal statute or treaty, or initially construing a controlling provision of the Florida or federal constitution.”

. Art. V, Sec. 4(2), Florida Constitution; F.A.R. Rule 4.5(c) (6), 81 F.S.A.